IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
04/19/2013

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| XENOS YUEN, | ) | CASE NO. 13-30249-H3-13 |
| | ) | |
| Debtor, | ) | |
| | ) | |

## MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Expedited Motion for Order to Show Cause Why Witness Should Not Be Held in Contempt Filed by Nkasi Comfort Onyung" (Docket No. 53). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Xenos Yuen ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on January 21, 2013.

Nkasi Comfort Onyung has filed two motions to dismiss the instant case. In both motions to dismiss, Onyung asserts that Debtor filed the instant case in bad faith, and has debts in excess of the limits for Chapter 13. (Docket Nos. 11, 29).

Onyung's first motion to dismiss was initially set for an evidentiary hearing on March 7, 2013.  On March 4, 2013, Onyung's counsel, Jeffrey Lucas, obtained the issuance of a subpoena directing Debtor's mother, Kam Chu Cheng, to appear and testify at the hearing.

Richard McBride, a process server employed by Lucas, testified at the hearing on the instant motion that he served Kam Chu Cheng on March 5, 2013.  He testified that he knocked on the door of Ms. Cheng's home, asked her whether she was Kam Chu Cheng, and, after Ms. Cheng nodded her head, attempted to hand her the subpoena and a check for a witness fee and mileage reimbursement.  McBride testified that when he attempted to hand the subpoena to Ms. Cheng, she said, "no, no, no," stepped back into her home, and locked the door.  He testified that he then attached the subpoena and the check to a screen door of Ms. Cheng's home, using a paper clip.

Ms. Cheng testified that she did not receive or accept the subpoena.  She testified (through an interpreter) that she does not speak or read English.  She testified that she was born in 1932.  She testified that when strangers come to her door, she does not open the door, because she is afraid.

Ms. Cheng testified that she saw a small piece of paper in McBride's hand, but did not see a large piece of paper.  She testified that she did not accept anything from McBride.

Ms. Cheng did not appear at the hearing set on March 7, 2013 on Onyung's first motion to dismiss. The hearing on both of Onyung's motions to dismiss presently is set for June 18, 2013.

In the instant motion, Onyung seeks an order holding Ms. Cheng in contempt for her failure to appear on March 7, 2013, and also seeks an award against Ms. Cheng of attorney fees Onyung incurred in preparing for the March 7, 2013 hearing.

At the hearing on the instant motion, counsel for Ms. Cheng argued that she should not be required to appear for depositions or hearing, citing her physical condition.

At the hearing on the instant motion, Ms. Cheng, who is 80 years old, appeared healthy. She was able to walk without assistance, and was able to understand the questions asked of her, after those questions were translated into Mandarin Chinese by a certified interpreter.

## Conclusions of Law

Rule 45(e) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 9016, provides in pertinent part: "The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena."

Whether to hold a nonparty in contempt under Rule 45(e) is within the discretion of the Court. In re 400 Walnut Assoc., L.P., 475 B.R. 217 (Bankr. E.D. Pa. 2012).

In the instant case, it appears that Ms. Cheng did not realize that the subpoena served upon her commanded her to appear for the hearing on March 7, 2013.  However, Ms. Cheng is now represented by counsel, and has access to the services of certified interpreters if such services are needed for her to understand court orders.  The court concludes that Ms. Cheng should not be held in contempt at this time.  The court concludes that some accommodation should be made to permit Onyung to conduct discovery and obtain Ms. Cheng's testimony for trial on Onyung's motions to dismiss.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on April 19, 2013.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE