IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE ) | |
| ) | |
| XENOS YUEN, ) | CASE NO. 13-30249-H3-13 |
| ) | |
| Debtor, ) | |
| ) | |

MEMORANDUM OPINION

The court has held a hearing on its "Order to Show Cause" (Docket No. 152) why the above captioned Chapter 13 case should not be dismissed. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered determining that no further action is to be taken on the court's Order to Show Cause. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Xenos Yuen ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on January 21, 2013. William E. Heitkamp is the Chapter 13 Trustee.

On the petition date, Debtor filed a proposed Chapter 13 plan. (Docket No. 2). A confirmation hearing as to the plan has not yet taken place, in part because Debtor has filed motions seeking to delay confirmation until after the bar date for the

filing of claims, and to deviate from this court's uniform plan.[1] The confirmation hearing also has not taken place in light of two motions to dismiss filed by Nkasi Comfort Onyung ("Onyung"). (Docket Nos. 11, 29).[2]

In Onyung's motions to dismiss, Onyung asserts that the instant case was filed in bad faith, and that Debtor's debts exceed the debt limits for Chapter 13.  Onyung asserts, <u>inter alia</u>, that an entity against which she has a judgment, CMC Builders Company, Ltd. ("CMC Builders"), is an alter ego of Debtor.

Onyung has filed a proof of claim in the instant case. Onyung asserts in the proof of claim that Debtor is individually liable for an unsecured debt, in the amount of $926,052.17, based on a judgment entered by the 215th Judicial District Court of Harris County, Texas.

The judgment is not in evidence, other than an unofficial copy attached to Onyung's proof of claim.  The unofficial copy indicates that Onyung was awarded $118,188.76 against Debtor, The Law Offices of Yuen & Associates, P.C., and The Law Offices of Yuen & Associates, PLLC, jointly and

---

[1]Debtor's motions to delay the confirmation hearing (Docket No. 26) and to deviate from the uniform plan (Docket No. 3) remain pending.  Both are presently set for hearing on July 18, 2013.

[2]Onyung's motions to dismiss remain pending.  Both are presently set for hearing on August 20, 2013.

severally, plus $81,254.77 against Debtor, individually. The unofficial copy also indicates that Onyung was awarded $590,943.78 against CMC Builders. (Debtor's Exhibit 3).

Debtor has objected to Onyung's proof of claim. (Docket No. 32). The claim objection remains pending.[3]

In the instant case, Onyung has conducted extensive discovery, purportedly in support of her motions to dismiss the instant case. Onyung has not sought relief from stay in order to file suit in state court seeking a determination that CMC Builders is Debtor's alter ego.[4] Onyung also has not filed an adversary proceeding in this court seeking such a determination. The only place in which Onyung has raised such an allegation is in her motions to dismiss the instant case.

The court issued the instant Order to Show Cause, based on an appearance that Debtor had filed the instant case in order to gain an unfair advantage in a two-party dispute with Onyung.

Onyung, who the Texas Court of Appeals stated is a resident of Nigeria, did not appear at the hearing on the instant Order to Show Cause. Onyung's counsel appeared on her behalf,

---

[3] A pretrial hearing on the claim objection is presently scheduled for July 16, 2013.

[4] The court notes that Onyung did not raise such an issue in the state court suit, even in asserting that Debtor defrauded her by allowing the $500,000 sent to Debtor by Dr. Onyung to be invested in CMC Builders.

and examined Debtor, Debtor's wife, and the Chapter 13 Trustee's staff attorney.

At the hearing on the instant Order to Show Cause, Debtor presented testimony regarding his business practices. Debtor is an attorney, who handles primarily immigration matters. He testified that he frequently assists clients with applications for the "EB-5" immigration visa program, under which he testified applicants can obtain permanent residency in the United States by investing $500,000 in a business in the United States.

Debtor testified that he frequently acts as an attorney in fact for clients who are not located in the United States, in purchasing assets in the United States. He testified that many of the individuals who have sought EB-5 immigration visas have conducted their businesses through corporate entities, with Debtor designated as the registered agent of those entities.

During the interim between the filing of the petition in the instant case and the hearing on the court's Order to Show Cause, the Texas Court of Appeals issued a Memorandum Opinion reversing in part Onyung's judgment against Debtor. The Memorandum Opinion of the Texas Court of Appeals determined that $50,000 awarded to Onyung against Debtor for Onyung's mental anguish was not recoverable under Texas law, and that $100,000 awarded to Onyung against Debtor based on Debtor's fraud was not

4

recoverable because it was not supported by legally sufficient evidence.  (Debtor's Exhibit 8).

Debtor testified that there is not yet a final judgment in the state court litigation.

In the instant case, Debtor has proposed a plan calling for him to pay 100 percent of the claims of creditors.  He has scheduled Onyung as a creditor, with a claim in the amount of $199,443.53.  (Debtor's Exhibit 1).  Debtor testified that he has made all of the payments called for under the proposed plan.

## Conclusions of Law

Section 1307(c) of the Bankruptcy Code provides:

(c) Except as provided in subsection (e)(1) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including -

>   (1) unreasonable delay by the debtor that is prejudicial to creditors;
>   (2) nonpayment of any fees and charges required under chapter 123 of title 28;
>   (3) failure to file a plan timely under section 1321 of this title;
>   (4) failure to commence making timely payments under section 1326 of this title;
>   (5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan;

> (6) material default by the debtor with respect to a term of a confirmed plan;
> (7) revocation of the order of confirmation under section 1330 of this title, and denial of confirmation of a modified plan under section 1329 of this title;
> (8) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan other than completion of payments under the plan;
> (9) only on request of the United States trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521;
> (10) only on request of the United States trustee, failure to timely file the information required by paragraph (2) of section 521; or
> (11) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

11 U.S.C. § 1307(c).

The court may invoke Section 1307(c) sua sponte. In re Elliott, 506 Fed. Appx. 291 (5th Cir. 2013).

The determination of whether a case was filed in bad faith requires an examination of the totality of circumstances. In re Stanley, 224 Fed. Appx. 343 (5th Cir. 2007).

The Fifth Circuit has identified factors to consider in a determination of whether a case was filed in bad faith. Those factors include: (1) the reasonableness of the proposed repayment plan; (2) whether the plan shows an attempt to abuse the spirit of the Bankruptcy Code; (3) whether the debtor genuinely intends to effectuate the plan; (4) whether there is any evidence of misrepresentation, unfair manipulation, or other

6

inequities; (5) whether the filing of the case was part of an underlying scheme of fraud with an intent not to pay; (6) whether the plan reflects the debtor's ability to pay; and (7) whether a creditor has objected to the plan. Stanley, citing In re Chaffin, 816 F.2d 1070 (5th Cir. 1987), mod. In re Chaffin, 836 F.2d 215 (5th Cir. 1988).

In addition, a case may be dismissed if pre-petition conduct of the debtor eliminates the debtor from the class of "honest but unfortunate debtors" that the Bankruptcy Code was enacted to protect. Marrama v. Citizens Bank of Mass., 549 U.S. 365, 127 S.Ct. 1105, 166 L.Ed.2d 956 (2007).

In the instant case, Debtor appears to have proposed a plan in a good faith attempt to pay his creditors. The evidence presented on the instant Order to Show Cause is consistent with Debtor's assertion that he has acted in businesses on behalf of his clients, and not on his own behalf.[5] There was no showing that Debtor filed the instant case in order to obtain an unfair advantage in a two-party dispute. The court concludes that its Order to Show Cause is satisfied, and no further action need be taken on the Order to Show Cause.

---

[5] The court notes that there may remain some issues, including Onyung's assertion that CMC Builders is Debtor's alter ego, and thus that Debtor exceeds the debt limits for Chapter 13. The court anticipates that, because the court has addressed the Debtor's good faith, the issues raised in Onyung's motion to dismiss, and thus the evidentiary presentation on those motions and related discovery, can be substantially limited.

Based on the foregoing, a separate Judgment will be entered determining that no further action is to be taken on the court's Order to Show Cause.

Signed at Houston, Texas on July 8, 2013.

*Letitia Z. Paul*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE