IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | )<br>) |
| XENOS YUEN, | ) CASE NO. 13-30249-H3-13 |
| Debtor, | )<br>)<br>) |

ENTERED
10/09/2013

## MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Emergency Motion to Dismiss" (Docket No. 11) and the "Supplemental Motion to Dismiss" (Docket No. 29) filed by Nkasi Comfort Onyung ("Onyung") in the above captioned case. The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Xenos Yuen ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on January 21, 2013.

Debtor's Schedule F, filed on the petition date, identifies 31 entities, with an amount of aggregate claims totaling $367,748.01. Of the 31 entities, seven are listed with a claim amount of zero, eight are listed with the indication

"Notice Only," and one is listed in an unknown amount.[1]  (Onyung Exhibit 1).

The claims scheduled for Onyung, in the amount of $199,443.83, and for Hung Ho, in the amount of $139,738.84, contain X marks in the boxes labeled "Contingent," "Unliquidated," and "Disputed."  The parties have stipulated that judgments were entered against Debtor prepetition, and that appeals of the judgments remain pending.[2]  (Onyung Exhibit 1).

Debtor's Schedule F identifies six other claims with X marks in the boxes labeled "Contingent," or "Unliquidated," totaling $5,864.44 in amount.  Debtor's Schedule F identifies four other claims with an X mark in the box labeled "Disputed," totaling $2,081.20.  (Onyung Exhibit 1).

### Conclusions of Law

Section 109(e) of the Bankruptcy Code provides:

> (e) Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $360,475 and noncontingent, liquidated, secured debts

---

[1] The entity listed with an unknown amount is HLLS, Inc.  It has filed an unsecured proof of claim, in the amount of $142,000.  The unofficial copy of the state court judgment attached to HLLS, Inc.'s proof of claim indicates that judgment was in favor of both Hung Ho and HLLS, Inc. in the amount of $139,738.84.  The court concludes that this amount should not be double-counted with the scheduled claim of Hung Ho.

[2] The court notes that the Texas Court of Appeals dramatically reduced the amount of Onyung's claim on appeal.  Onyung has sought review of the ruling of the Texas Court of Appeals by the Texas Supreme Court.

>of less than $1,081,400, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $360,475 and noncontingent, liquidated, secured debts of less than $1,081,400 may be a debtor under chapter 13 of this title.

11 U.S.C. § 109(e).

The burden of proof to establish eligibility is on the party filing the petition.  *In re Montgomery*, 37 F.3d 413 (8th Cir. 1994).

Chapter 13 eligibility should normally be determined by a debtor's originally filed schedules, checking only to see whether the schedules were filed in good faith.  *In re Scovis*, 249 F.3d 975 (9th Cir, 2001).  *See* also, *In re Harkless*, 189 Fed. Appx. 311 (5th Cir. 2006).  Eligibility is measured on the petition date.  *In re Scovis*, 249 F.3d 975 (9th Cir, 2001).

A debt is liquidated if its amount is readily ascertainable, whether it is contested or not.  *In re Harkless*, 189 Fed. Appx. 311 (5th Cir. 2006), *citing* *In re Horne*, 277 B.R. 320 (Bankr. E.D. Tex. 2002) and *In re Pulliam*, 90 B.R. 241 (Bankr. N.D. Tex. 1988).  The debt is liquidated where the claim is determinable by reference to an agreement, judgment, or by a simple computation.  *In re Scott*, 2006 WL 3166841 (Bankr. S.D. Tex. 2006).

A claim is contingent as to liability if the debtor's legal duty to pay does not come into existence until triggered by

the occurrence of a future event.  A debt is noncontingent if all events that are conditions precedent to liability have occurred prepetition.  In re Scott, 2006 WL 3166841 (Bankr. S.D. Tex. 2006), citing In re Knight, 55 F.3d 231 (7th Cir. 1995).

A final judgment is not required for a debt to be noncontingent or liquidated.  The fact that a judgment is on appeal does not make the debt contingent or unliquidated.  A judgment on appeal represents a liability which is fixed and noncontingent and remains a final, enforceable judgment until it is reversed, if ever, on appeal.  Scott, 2006 WL 3166841, (Bankr. S.D. Tex. 2006), citing In re Nicholes, 184 B.R. 82 (9th Cir. BAP 1995); In re Cluett, II, 90 B.R. 505 (Bankr. M.D. Fla. 1988); In re Wiencko, 275 B.R. 772 (Bankr. W.D. Va. 2002); In re Miloszar, 238 B.R. 266 (D.N.J. 1999).

Debtor cites In re Wenberg, 902 F.2d 768 (9th Cir. 1990) for the proposition that a tort cause of action remains unliquidated until a final judgment is entered.  Wenberg does not stand for the proposition for which it was cited.

In the instant case, Debtor's scheduled unsecured debts, which total $367,748.01, exceed the Chapter 13 debt limit of $360,475.  The debts of Onyung and Hung Ho, which Debtor has labeled as contingent and unliquidated, have been reduced to judgment, and are neither contingent nor unliquidated, despite the pending appeals.  The court's determination as to eligibility

4

should not be interpreted as a determination that the amounts claimed dye Onyung and Hung Ho are accurate. Instead, it means only that it is possible to compute the amount of the claim with exactness, without reliance upon opinion or discretion. See In re Visser, 232 B.R. 362 (Bankr. N.D. Tex. 1999). The court concludes that Debtor is not eligible for relief under Chapter 13.

However, the court's determination that Debtor is not eligible for relief under Chapter 13 does not compel dismissal of the above captioned case. See In re Hammers, 988 F.2d 32 (5th Cir. 1993). The court concludes that Debtor should have the opportunity to convert the case to another chapter for which he is eligible, within 14 days after the date of entry of the Judgment in the above captioned case.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on October 9, 2013.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE