IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) ) |  |
| XENOS YUEN, | ) ) | CASE NO. 13-30249-H3-11 |
| Debtor, | ) ) ) |  |

### MEMORANDUM OPINION

The court has held a hearing on the "Chapter 13 Fee Application for the Period from December 20, 2012 to September 30, 2013" (Docket No. 228) filed by Britt & Catrett, P.C. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the application. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Xenos Yuen ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on January 21, 2013. On the petition date, Debtor filed schedules, a statement of financial affairs, a Chapter 13 plan, and a motion to deviate from the standard form plan.

Nine days after the date of filing of the petition, Nkasi Comfort Onyung filed a motion to dismiss the instant case,

asserting that the case was filed in bad faith, and that Debtor's debts exceeded the debt limits under Chapter 13. Onyung's contentions included that several entities were Debtor's alter ego. (Docket No. 11). Onyung subsequently filed a supplement to her motion to dismiss. (Docket No. 29).

In preparation for the hearing on Onyung's motion to dismiss, Onyung (who has not been present in the United States during most of the proceedings in this case), through her counsel, propounded extensive discovery on Debtor and on the entities Onyung contended were Debtor's alter ego, including Debtor's mother (who was born in 1932), Debtor's wife, a trust, and several corporate entities.

The discovery matters regarding Onyung's motions to dismiss and related sanctions motions resulted in five contested hearings.

The court entered an order to show cause why the case should not be dismissed. (Docket No. 152). Debtor, through counsel, defended the order to show cause. Onyung presented evidence at the show cause hearing in favor of dismissal.

After the hearing on the court's order to show cause, the court entered a Memorandum Opinion determining that Debtor had filed the instant case in good faith. (Docket No. 168).

The court subsequently held a contested hearing on Onyung's motions to dismiss. After the hearing on Onyung's

motions to dismiss, the court entered a Memorandum Opinion determining that Debtor's debts exceeded the debt limit for Chapter 13. (Docket No. 229). The court's Judgment allowed Debtor time to seek conversion to a chapter for which he was eligible. (Docket No. 230). Debtor filed a motion to convert to Chapter 11 on October 23, 2013, and the court converted the case to Chapter 11 on October 25, 2013. (Docket No. 237).

Britt & Catrett, P.C. ("Applicant") filed the instant application, seeking allowance of $40,179.75 in fees and $875.14 in expenses, for the period of December 20, 2012 through September 30, 2013. (Docket No. 228). The entire period covered by the instant application occurred during the time the instant case was in Chapter 13.

Onyung opposes the instant application. Onyung contends that, because the court ultimately determined that Debtor is not eligible for Chapter 13, Applicant's efforts on behalf of Debtor did not benefit the bankruptcy estate, and were unreasonable. (Docket No. 234).

At the hearing on the instant application, Marjorie Britt testified that she believed that Debtor was eligible for Chapter 13, because Onyung's state court judgment against Debtor was the subject of a pending appeal. She testified that the amount of the judgment was reduced by 95 to 98 percent on appeal.

<u>Conclusions of Law</u>

> Section 330(a)(4)(B) of the Bankruptcy Code provides:
>
> (B) In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a)(4)(B).

> Those factors include the nature, the extent, and the

value of the attorney's services, including:

> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

In re Crager, 691 F.3d 671 (5th Cir. 2012), citing

11 U.S.C. § 330(a)(3).

The court has reviewed Applicant's time records in the instant case. The time spent by Applicant's firm is reasonable for the services provided. The hourly rates for the attorneys and paralegals are reasonable. The services themselves were necessary, even though Debtor ultimately did not prevail on his

4

argument that he was eligible for Chapter 13. The court concludes that the compensation sought in the instant application is reasonable.

Based on the foregoing, a separate Judgment will be entered granting the "Chapter 13 Fee Application for the Period from December 20, 2012 to September 30, 2013" (Docket No. 228) filed by Britt & Catrett, P.C.

Signed at Houston, Texas on this ___19___ day of ___Dec___, 2013.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE